Connelius A. HAIRSTON–LASH,

v.

**R.J.E. TELECOM, INC., formerly O.S.P. Consultants, Inc., et. al.**

**No. CIV. A. 00–2070.**

United States District Court, E.D. Pennsylvania.

March 30, 2001.

Clyde O. Bartel, Allentown, PA, for plaintiff.

Timothy P. Ryan, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA, Lisa M. Passarello, Eckert Seamans Cherin & Mellott, Pittsburgh, PA, for defendants.

### MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court are the Defendants' Motion for Summary Judgment (Docket No. 15), the Defendants' Brief in Support of Motion for Summary Judgment (Docket No. 16), the Appendix Material for Defendants' Brief (Docket No. 17), the

Plaintiff's Brief in Support of Answer to Defendants' Motion for Summary Judgment and accompanying appendix (Docket No. 19), and the Defendants' Reply Brief in Support of Motion for Summary Judgment (Docket No. 23).

## I. BACKGROUND

The relevant facts leading up to this motion for summary judgment are largely uncontested. The Plaintiff, Connelius A. Hairston–Lash, was employed by the Defendant O.S.P. Consultants (OSP). In the course of her employment, she was supervised by Defendant Roger Branson.[1] Defendant Branson reported to Defendant Dale Mousseau. During the course of her employment with Defendant OSP, the Plaintiff was touched inappropriately by Defendant Branson, in the form of shoulder massages, approximately two to three times per week for a period of four months.

Eventually, the Plaintiff complained of this behavior directly to Defendant Branson. Defendant Branson immediately stopped the inappropriate touching but began making the Plaintiff's life unpleasant by threatening to take work away from her, arguing with her about her work, and critiquing her time sheets. In addition, Defendant Branson made several inappropriate racial comments regarding the Plaintiff. Approximately one month after her original confrontation regarding the Defendant Branson's inappropriate behavior, the Plaintiff and Defendant Branson got into a heated argument. At that time, the Plaintiff terminated her employment with Defendant OSP.

The Plaintiff's deposition indicates that she contacted Defendant Mousseau on several occasions to complain about Defendant Branson. Defendant Mousseau responded, according to the Plaintiff, that OSP was a "male oriented facility. If [the Plaintiff] can't stand the heat, get out of the kitchen." She never filed a formal grievance with the company. On March 21, 2000, the Plaintiff filed her complaint. This motion for summary judgment was filed by the Defendant OSP and Mousseau on September 21, 2000.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Ultimately, the moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. See id. at 325, 106 S.Ct. 2548. Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to go beyond the mere pleadings and present evidence through affidavits, depositions, or admissions on file to show that there is a genuine issue for trial. See id. at 324, 106 S.Ct. 2548. A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" only if it might affect the outcome of the

---

1. A default judgment was entered against Defendant Roger Branson on August 29, 2000. He is not the subject of this motion.

suit under the applicable rule of law. *See id.*

When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the nonmovant. *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992). Moreover, a court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the moving party's evidence far outweighs that of its opponent. *See id.* Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. *See Trap Rock Indus., Inc. v. Local 825,* 982 F.2d 884, 890 (3d Cir.1992). The court's inquiry at the summary judgment stage is the threshold inquiry of determining whether there is need for a trial, that is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *See Anderson,* 477 U.S. at 250–52, 106 S.Ct. 2505. If there is sufficient evidence to reasonably expect that a jury could return a verdict in favor of plaintiff, that is enough to thwart imposition of summary judgment. *See id.* at 248–51, 106 S.Ct. 2505.

## III. *TITLE VII AND PHRA CLAIMS*

### A. *The Plaintiff's Claims based upon racial animus.*

■ The Defendant claims that the Plaintiff cannot support a claim for a hostile work environment based upon racial animus because she alleges that only two racially offensive comments were made. The Plaintiff responds that these two statements must be viewed in the larger context of Defendant Branson's general conduct toward the Plaintiff to appreciate the hostile environment it created. The

Third Circuit has found that "[h]ostile environment harassment claims must demonstrate a continuous period of harassment, and two comments do not create an atmosphere." *See Drinkwater v. Union Carbide Corp.,* 904 F.2d 853, 863 (3d Cir.1990). Therefore, the Court finds that no genuine issue of material fact exists as to the Plaintiff's claims for hostile work environment and constructive discharge based upon her race.

For the foregoing reasons, the Plaintiff's claims based upon race discrimination must be dismissed.

### B. *Defendant OSP.*

The Supreme Court has recently addressed the issue of vicarious employer liability in a case brought pursuant to Title VII alleging hostile work environment and constructive discharge. *See Burlington Industries v. Ellerth,* 524 U.S. 742, 748–50, 118 S.Ct. 2257, 2262–63, 141 L.Ed.2d 633 (1998). The Court made clear that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment claim created by a supervisor with immediate (or successively higher) authority over the employee." *Id.* at 765, 118 S.Ct. at 2270. However, the employer may assert an affirmative defense to liability if no tangible adverse employment action has been taken against the employee. *Id.,* 118 S.Ct. at 2270. Prior to determining if the Plaintiff was the subject of discriminatory behavior, the Court will determine whether any tangible adverse employment action was taken against the Plaintiff.

■ "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits."

*Id.* at 761, 118 S.Ct. at 2269. The Defendant asserts that there is no tangible adverse employment action because the Plaintiff does not dispute that she never lost any work, she was paid for all of the work she did, and she voluntarily resigned. While in most cases economic harm will be the key element of a tangible adverse employment decision, it is not mandatory. *See id.* at 762, 118 S.Ct. at 2269. The Plaintiff does not deny that she was never shortchanged any pay and never had any work taken away. However, she asserts that she was threatened with adverse employment action and her supervisor interfered with her time sheets to delay her receipt of compensation. The Court in *Burlington Industries* rejected the idea that threats alone were tangible adverse employment actions and indicated that a tangible employment action "requires an official act of the enterprise.... The decision in most cases is documented in official company records, and may be subject to review by higher level supervisors." *Id.*, 118 S.Ct. at 2269. The Court finds that there is no question of material fact as to the issue of whether tangible adverse employment action was taken against the Plaintiff. The Court finds that it was not.

■■ The practical affect of the Court's decision that the Plaintiff suffered no tangible adverse employment action is that the Defendants are allowed to assert an affirmative defense to liability. *See id.* at 765, 118 S.Ct. at 2270. That affirmative defense consists of two showings: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* at 765, 118 S.Ct. at 2270. The Defendants assert that there is no dispute that the Plaintiff was provided with the employment handbook which enumerated an extensive policies and procedures on handling sexual harassment procedures and the Plaintiff did not follow them in this case. The Plaintiff does not contest that the Plaintiff received the handbook with the relevant policies and procedures, but does claim that she took advantage of these procedures by complaining to Defendant Mousseau. However, the Plaintiff herself stated that she never told Defendant Mousseau that Defendant Branson had given her problems based upon sex or race, she simply complained that she was having problems. *See* Pl.'s Dep. at 28:1–9. Promulgating an extensive antiharassment policy is evidence that the employer exercised reasonable care to prevent sexual harassment. *See Burlington Industries,* 524 U.S. at 765, 118 S.Ct. at 2270. Also, an employee's failure to take advantage of these policies will suffice to satisfy the employer's burden on the second element of the affirmative defense. *See id.* at 765, 118 S.Ct. at 2270. As a result, the Court finds that there is no issue of material fact regarding the Defendant's affirmative defense for vicarious liability in the Plaintiff's sexual harassment claim.

For the foregoing reasons, the Plaintiff's claims under Title VII and the PHRA against the Defendant OSP must be dismissed.

**C. *Defendant Mousseau.***

■■ The Defendant Mousseau asserts that there is no individual liability under Title VII. Therefore, he claims, that cause of action against him should be dismissed. The Third Circuit has expressly held that "Congress did not intend to hold individual employees liable under Title VII." *See Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061, 1078 (3d Cir.1996). In addition, the employment discrimination

provisions of the PHRA are construed identically to those in Title VII. *See Dici v. Pennsylvania,* 91 F.3d 542, 552 (3d Cir. 1996). While the PHRA has other provisions which do invoke individual liability, the Plaintiff does not allege those in this case. Therefore, both the Plaintiff's Title VII and PHRA claims against the Defendant Mousseau must fail.

For the foregoing reasons, the Plaintiff's claims pursuant to Title VII and the PHRA against the Defendant Mousseau must be dismissed.

## IV. *THE PLAINTIFF'S NEGLIGENCE CLAIM.*

 Both Defendants OSP and Mousseau assert the statute of limitations as a defense to the Plaintiff's negligence claim contained in Count III of the complaint. The Plaintiff does not offer a rebuttal to the Defendants' argument. In Pennsylvania, there is a two-year statute of limitations in negligence actions which begins to run when the cause of action accrues. *See* 42 Pa. Cons.Stat. Ann. § 5524 (West 2001); *see also Jordan v. SmithKline Beecham,* 958 F.Supp. 1012, 1026 (E.D.Pa.1997). In this case, it is uncontested that the Plaintiff left her position at the Defendant company on January 5, 1998. Because the complaint in this case wasn't filed until March 21, 2000, the Plaintiff's negligence claim must be dismissed.

For the foregoing reasons, the Plaintiff's negligence action against both Defendants Mousseau and OSP are dismissed.

An appropriate Order follows.

## ORDER

AND NOW, this 30th day of March, 2001, upon consideration of the Defendants' Motion for Summary Judgment (Docket No. 15), the Defendants' Brief in Support of Motion for Summary Judgment (Docket No. 16), the Appendix Material for Defendants' Brief (Docket No. 17), the Plaintiff's Brief in Support of Answer to Defendants' Motion for Summary Judgment and accompanying appendix (Docket No. 19), and the Defendants' Reply Brief in Support of Motion for Summary Judgment (Docket No. 23), IT IS HEREBY ORDERED that the Defendant O.S.P. Consultants and Defendant Dale Mousseau's Motion for Summary Judgment is **GRANTED**.